[L. A. No. 14587. In Bank.—September 28, 1936.]

GRACE A. MORRIS, Appellant, v. CITIZENS BANK OF MONROVIA (a Corporation) et al., Respondents.

William E. Reiley for Appellant.

Robert H. Dunlap and George R. Larwill for Respondents.

THE COURT.—This is an action to rescind a deed of trust securing a note for $15,500, chiefly on the ground of lack of consideration. Defendants, the trustee and beneficiary, cross-complained seeking a declaration of validity of the instruments, and the trial court rendered judgment in their favor. Plaintiff appealed.

There is substantial evidence to support the judgment. It appears that in 1930 plaintiff's husband, J. K. Morris, and her son, Ted Morris, were partners engaged in the automobile business in Monrovia, California. In May of that year plaintiff separated from her husband. The partnership was then indebted to defendant bank in the sum of $13,917.50. The mother desired to have the son continue the business, and so informed the bank, which demanded security for the unsecured amount of the indebtedness, $12,067.50. Plaintiff thereupon, to secure credit for the business, signed a note in that sum. At this same time, a property settlement agreement was prepared under which plaintiff took her husband's interest in the partnership business, and assumed his obligations, i. e., the debts of the partnership, to the bank. Thereafter plaintiff signed the note and deed of trust in question, covering the former indebtedness together with an additional sum then owed by the business.

It is clear from these facts that there was consideration for plaintiff's promise. She protests that the old partnership notes were never canceled, but it appears that they were kept undelivered, by plaintiff's attorney, until after the divorce, as a means of exercising pressure on her husband to fulfill the terms of the property settlement.

Applications to take additional evidence, heretofore filed by appellant, are denied.

There is no merit in any of the other points raised. The judgment is affirmed.